# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

    **v.**                                                     **Case No. 09-CR-66**

**SOMSAK KEOVILAYSONE**
        **Defendant.**

## SENTENCING MEMORANDUM

Defendant Somsak Keovilaysone pleaded guilty to conspiracy to distribute ecstasy, contrary to 21 U.S.C. § 846. In imposing sentence, I first calculated defendant's advisory sentencing guideline range, then determined the ultimate sentence under all of the factors set forth in 18 U.S.C. § 3553(a). See United States v. Bush, 523 F.3d 727, 729 (7th Cir. 2008).

### I. GUIDELINES

The pre-sentence report ("PSR") set a base offense level of 34 under U.S.S.G. § 2D1.1(c)(3) based on the amount of controlled substances involved. The PSR then deducted 2 levels because defendant qualified for the safety valve, § 2D1.1(b)(11), and 3 levels for acceptance of responsibility, § 3E1.1, for a final level of 29. Coupled with defendant's criminal history category of I, level 29 produced an imprisonment range of 87-108 months.

### II. SECTION 3553(a)

**A.    Sentencing Factors**

In imposing the final sentence, the district court must consider all of the factors set forth in § 3553(a), United States v. Harris, 490 F.3d 589, 593 (7th Cir. 2007), including:

    (1)    the nature and circumstances of the offense and the history and characteristics

> of the defendant;
>
> (2) the need for the sentence imposed–
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the advisory guideline range;
>
> (5) any pertinent policy statements issued by the Sentencing Commission;
>
> (6) the need to avoid unwarranted sentence disparities; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The statute directs the court, after considering these factors, to impose a sentence that is "sufficient but not greater than necessary" to satisfy the purposes of sentencing: just punishment, deterrence, protection of the public and rehabilitation of the defendant. § 3553(a)(2). While the court must give respectful consideration to the guidelines in making this determination, it may not presume that the guideline sentence is the correct one. See Nelson v. United States, 129 S. Ct. 890, 892 (2009); Gall v. United States, 552 U.S. 38, 49-50 (2007). Rather, the court must independently determine an appropriate sentence based on all of the circumstances of the case and under all of the § 3553(a) factors. See Gall, 552 U.S. at 49-50; United States v. Carter, 530 F.3d 565, 578 (7th Cir.), cert. denied, 129 S. Ct. 474 (2008).

2

**B.    Analysis**

   **1.    The Offense**

In the summer of 2008, a confidential informant introduced an undercover law enforcement agent to defendant, and the agent subsequently made three purchases from defendant: 1000 ecstasy pills on September 12, 2008, 14 grams of methamphetamine on September 23, 2008, and 2000 ecstasy pills on December 7, 2008. Law enforcement obtained a wiretap for defendant's phone, identified his source, then got a tap for the source and the source's supplier and his courier. During the course of the taps, the agent negotiated with defendant and his supplier for a larger ecstasy purchase, which culminated in defendant's March 2009 arrest with 25,710 pills.[1]

   **2.    The Defendant**

Defendant presented as a very unusual drug offender. At age thirty-eight, he had no prior record and an excellent employment history, working the same job for twelve years prior to his arrest in this case. Born in Laos, defendant came to this country with his family as a child. After some initial difficulty adjusting, he acclimated, had a good childhood, graduated high school and college, became a citizen and steadily worked. Defendant married in 1993 and had two children with his wife. Although they divorced in 2000, they maintained an amicable relationship and defendant remained involved in his children's lives. Defendant's ex-wife made positive statements about him to the PSR writer. Defendant had a sixteen month old child with his current girlfriend, who also made positive statements about him. Many friends

---

[1] These pills were actually N-Benzylpiperazine ("BZP"), a schedule I controlled substance often sold or promoted as an alternative to ecstasy. The parties agreed that these pills should be treated as ecstasy for purposes of calculating drug weight.

and family members appeared in court to show their support.

When asked to explain how he became involved in drug trafficking despite this positive background, defendant indicated that after his divorce, which he found emotionally difficult, he began frequenting bars and clubs and was for the first time in his to-then straight-laced life introduced to drugs. He began using drugs, then selling them, enjoying the attention that came from his new avocation. He denied making much money.

### 3. The Sentence

The guidelines called for a term of 87-108 months, and I agreed that a prison sentence was necessary based simply on the amounts involved. However, I also noted that the offense involved no weapons, violence, threats, gang activity or other harmful effects often associated with drug conspiracies. I also accepted that defendant's drug weight figure was somewhat inflated by the undercover agent's desire to facilitate larger transactions in order to draw out defendant's source and his supplier. This was in no way improper; the agent was doing his job in rooting out the higher-ups in the distribution chain; but this did cause defendant to be held responsible for significantly larger amounts than he typically sold.[2]

I also noted that defendant had no record and thus no prior experience with incarceration; a lesser term therefore sufficed to deter him from re-offending. See United States v. Qualls, 373 F. Supp. 2d 873, 877 (E.D. Wis. 2005) ("Generally, a lesser period of imprisonment is required to deter a defendant not previously subject to lengthy incarceration than is necessary to deter a defendant who has already served serious time yet continues to

---

[2]This did not, of course, excuse defendant's conduct. As the government noted, defendant had the connections to accommodate the agent's requests. Therefore, a significantly lower sentence was not warranted based on this factor.

4

re-offend."). I also saw no need for a lengthy term to protect the public, given defendant's lack of prior criminal contacts, his work record and family support.

Under all of the circumstances, I found a sentence of 60 months sufficient but not greater than necessary. This sentence provided sufficient punishment and deterrence, while recognizing the mitigating aspects of the case and the positives in defendant's character and background. The sentence varied from the guidelines by only about 3 levels and was based on the particular facts of the case discussed herein, so it created no unwarranted disparity.

### III. CONCLUSION

Therefore, I committed defendant to the custody of the Bureau of Prisons for 60 months, followed by three years of supervised release, with a drug aftercare and other conditions that appear in the judgment.

Dated at Milwaukee, Wisconsin, this 27th day of February, 2010.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge